825 F.2d 410
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William W. GRINNELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-5093
 United States Court of Appeals, Sixth Circuit.
 July 28, 1987.
 
 Before LIVELY, Chief Judge, and MARTIN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, William W. Grinnell, applied for disability benefits on January 18, 1977, on the basis of an injury to his lower back and neck. Grinnell slipped and fell on the ice at work. Grinnell returned to work, but alleges he was unable to work after February 1977 because of persistent pain. After a hearing, the original application was denied; the district court affirmed the denial. This appeal is from the district court's uphholding of a second denial, which occurred after a reopening of the first application. For the reasons set forth herein, we affirm the denial of benefits.
 
 
 2
 The only issue in the case is whether substantial evidence supports the Secretary's denial of benefits. Neither party disputes the administrative law judge's findings of fact that Grinnell: (1) is not now doing substantial gainful activity, (2) has the residual functional capacity to do sedentary work, and (3) cannot perform his past relevant work. The administrative law judge relied on Rule 201.10, appendix 2 to Part 20, C.F.R. to find no disability for an individual approaching advanced age (between the ages of 50 to 54), with transferable skills and the residual functional capacity to do sedentary work.
 
 
 3
 Grinnell challenges the application of Rule 201.10 rather than Rule 201.11 to him. Rule 201.11 requires a finding of disability for individuals with the characteristics above who do not have transferable skills.
 
 
 4
 At the first hearing, held on March 15, 1978, a vocational expert summarized Grinnell's background from the record and testified that he could not perform any work involving specialized education or experience. The expert specifically testified that there were large numbers of entry type sedentary jobs in the local area that Grinnell could perform. The administrative law judge adopted this testimony in his findings of fact. Although the vocational expert did not expressly state that Grinnell had transferable skills, the administrative law judge interpreted the vocational expert's testimony of capability to perform 'entry-type sedentary work' to support a finding of transferability of skills.
 
 
 5
 The question we must answer is whether there is substantial evidence to support the administrative law judge's finding that Grinnell's skills were transferable, thus justifying applying Rule 201.11. Grinnell relies primarily on a statement from his vocational expert that entry level work can never be skilled or semiskilled and thus evidence of the availability of entry level jobs, no matter how numerous, can never be compatible with a finding of transferability of skills. We reject this position, based on the opinion of District Judge Scott Reed in the court below. As noted there, the Secretary is charged with the duty to resolve conflicts in the opinions of conflicting vocational experts, and there was substantial evidence to support his finding of the existence of transferable skills. The judgment of the district court is AFFIRMED.